UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                                |
|------------------------------|---|--------------------------------|
| DANNY BROWN,                 | ) |                                |
|                              | ) |                                |
| Plaintiff,                   | ) |                                |
|                              | ) |                                |
| v.                           | ) | Civil Action No. 09-1800 (RBW) |
|                              | ) |                                |
| DISTRICT OF COLUMBIA, et al.,| ) |                                |
|                              | ) |                                |
| Defendants.                  | ) |                                |

## ORDER

Upon the removal of this case from the Superior Court of the District of Columbia, the defendants filed a Motion to Dismiss and/or for a More Definite Statement pursuant to Federal Rules of Civil Procedure 8(a) and 12(e), based on the plaintiff's alleged failure to file "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff filed a statement opposing the defendants' removal of the case, but did not address the defendants' motion. In response, the defendants filed an opposition to the plaintiff's statement on the issue of whether removal of the case was proper. See Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's "Opposition" to Defendants' Notice of Removal. The plaintiff then replied to the defendants' opposition, again arguing that removal was improper,[1] but again failing to oppose the substance of the defendants' motion to dismiss or for a more

---

[1] The plaintiff's submission was incorrectly docketed as his reply to the opposition statement filed in relation to the defendants' motion to dismiss. See Docket Entry #6 (captioned as "REPLY to opposition to motion re MOTION to Dismiss and/or for More Definite Statement to Plaintiff's Motion to Remand filed by DANNY BROWN." (emphasis omitted)). It is apparent on the face of the record, however, that the plaintiff did not intend to reply in support of the defendants' motion to dismiss.

1

definite statement.  See Plaintiff's Memorandum of Points and Authorities in Response to Defendants' Opposition to Plaintiff's Motion to Remand.[2]

Several months later, the plaintiff filed a motion seeking to amend his complaint.[3]  See generally Plaintiff's Motion for Leave to Amend Complaint.  The defendants oppose this motion on the grounds that it was untimely filed; late amendments of pleadings are discouraged; their motion to dismiss should have been granted as conceded; the delay in filing the motion was unreasonable, unexcused, and prejudicial to the defendants; and the plaintiff has not offered a satisfactory explanation for needing to untimely amend the complaint.[4]  Defendants' Opposition to Plaintiff's Motion to Amend/Correct Complaint at 2-4.

The plaintiff represents that the timing of his request for the amendment will not prejudice the defendants, Memorandum in Support of Plaintiffs' [sic] Motion for Leave to File Amended Complaint at 3, and the Court agrees.  While the defendants are correct that the motion to amend has been untimely filed, their motion to dismiss essentially takes the position that a more definite statement is warranted.  Also, this case is still as its early stages, and when the Court did not sua sponte grant their motion as conceded after the time for filling an opposition had passed, the defendants did not affirmatively seek to have the Court act on their motion.  Moreover, courts are obliged to resolve cases on their merits instead of on technicalities.  Schiavone v. Fortune, 477 U.S. 21, 27 (1986) (reiterating the general principle that "decisions on

---

[2]  A proposed order purporting to grant the plaintiff's motion for remand was filed along with his memorandum.  Although the plaintiff discussed his opposition to the removal of his case, he never filed a motion with this Court seeking remand, and given his desire to now file an amended complaint with this Court under the Federal Rules, the issue of remand appears moot.

[3]  On January 16, 2010, the plaintiff re-filed filed his motion seeking to amend the complaint, but due to an error with the filing of that motion, the plaintiff re-filed the motion on January 19, 2010.  The January 16 motion was therefore rendered moot by the January 19 motion.

[4]  The Court also considered the Plaintiff's Reply to Defendants' Opposition to Motion for Leave to Amend Complaint in ruling on the plaintiff's motion.

the merits are not to be avoided on the basis of 'mere technicalities.'" (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 181 (1962))). Given this factual and legal background, the Court cannot find that the defendants are substantially prejudiced by permitting the plaintiff to file his amended complaint, warranting the resolution of this case on factors other than the merits. The Court therefore exercises its discretion to allow the plaintiff to amend his complaint, which comports with its obligation to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see</u> <u>Forman</u>, 371 U.S. at 182 (indicating the preference for courts to provide a plaintiff with "an opportunity to test his claim on the merits" in the absence of several equitable factors). Accordingly, it is hereby

**ORDERED** that the defendants' Motion to Dismiss and/or for a More Definite Statement is **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Plaintiff's Motion for Leave to Amend Complaint is **GRANTED** and the proposed amended complaint attached to the plaintiff's motion is deemed filed.

**SO ORDERED** this 28th day of April, 2010.

\_\_\_\_\_/s/_____
REGGIE B. WALTON
United States District Judge